IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Defendants. | No.  2:20-CV-1573-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff raises numerous claims related to the ongoing COVID-19 pandemic. See generally ECF No. 17. Before the Court now is Plaintiff's motion for a preliminary injunction directing his immediate release from incarceration. ECF No. 22. Plaintiff contends that release from custody is the only adequate remedy for the ongoing Eighth Amendment violations that he alleges; namely, the risk of exposure to COVID-19. Id. at 2–5. The undersigned United States Magistrate Judge recommends denying the motion for injunctive relief.

**I. BACKGROUND**

Plaintiff is incarcerated in Mule Creek State Prison (MCSP). Plaintiff initially filed this action as a petition for a writ of habeas corpus in the United States District Court for the Northern District of California. ECF No. 1. He contended that COVID-19 and the risk it posed to prisoners necessitated his release from prison. Id. at 5–6. Plaintiff argued that the risk of infection

1

he faced as an inmate violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Id. at 5. The United States Magistrate Judge assigned to Plaintiff's case in the Northern District construed Plaintiff's petition as challenging conditions of confinement and transferred the case to the Eastern District, the district of Plaintiff's confinement. ECF No. 10.

After Plaintiff's case was transferred to this Court, the Court initially recognized Plaintiff's case as a habeas action. See ECF No. 16 (denying Plaintiff's motion for appointed counsel at least until a response to his petition had been filed. Plaintiff then filed a superseding pleading in the form of a civil rights complaint under 42 U.S.C. § 1983. ECF No. 17. Because Plaintiff's civil rights complaint in this Court superseded the petition for a writ of habeas corpus filed in the Northern District (and because the Magistrate Judge in the Northern District construed Plaintiff's claim as a civil rights action), the Court directed the Clerk of the Court to recharacterize this action as a prisoner civil rights case. ECF No. 20.

In broad sum, Plaintiff alleges that prison officials have failed to mitigate the risk of exposure to COVID-19. ECF No. 17 at 3. For instance, officials have not sufficiently reduced overcrowding to guard against transmission of COVID-19. See id. at 3–5. Plaintiff alleges that failure, especially in regard to older and vulnerable inmates, constitutes deliberate indifference, and violates the Eighth and Fourteenth Amendments. See id. He requests conversion of his initial habeas petition to a § 1983 complaint and release from prison as "the only remedy." Id. at 6.

Plaintiff filed the pending motion for a preliminary injunction after the Court recharacterized his case.[1] ECF No. 22. In pertinent summary, Plaintiff argues that prison officials have known of the extreme risk that COVID-19 poses to prisoners, particularly vulnerable elderly inmates like Plaintiff. See id. at 2. Yet, in Plaintiff's view, prison officials have failed to release vulnerable prisoners and have thus violated the Eighth Amendment. Id. at 2–3.

Plaintiff argues that he satisfies the requirements for injunctive relief. Id. at 2–5. First, he implies that the risk of COVID-19 constitutes likely irreparable harm. Id. at 2–3. Second,

---

[1] Plaintiff concedes that he did not exhaust administrative remedies and is "in the final process" of doing so. ECF No. 22 at 2. Exhaustion of administrative remedies is a prerequisite to bringing suit under § 1983. 42 U.S.C. § 1997e(a); Ross v. Blake, 136 S. Ct. 1850, 1854–57 (2016); Manley v. Rowley, 847 F.3d 705, 711–12 (9th Cir. 2017). Plaintiff's present complaint, however, indicates that he has exhausted administrative remedies. ECF No. 17 at 3–5.

he argues that there is a reasonable likelihood that he will prevail on the merits of his claims given the risk of harm that COVID-19 poses. Id. As a result of COVID-19's risk and MCSP's overcrowding, Plaintiff continues to suffer from serious physical and mental distress. Id.

Third, Plaintiff contends that the threatened injury outweighs any harm an injunction may cause. Id. As Plaintiff sees it, the relief he seeks is narrow. Id. He only seeks release to protect his rights, and an order directing his release will not imperil public safety. Id. Plaintiff believes that release is the least intrusive means necessary to corrective the alleged violation of his constitutional rights. See id. He also contends that an order requiring officials to release him merely forces officials to comply with court orders in other civil rights cases requiring California to reduce prison overcrowding. Id. at 3–4. Plaintiff states he is undergoing medical treatment. Id. at 4.

Fourth, Plaintiff maintains that the public interest will not be disserved by issuance of an injunction. Id. Citing cases from district courts in Illinois and Iowa, Plaintiff argues that the public interest is well-served by protecting the constitutional rights of all its members. Id. at 4–5. He argues that the public interest is not served by Defendants' alleged practice of subjecting him to overcrowded living areas that make it impossible to socially distance and avoid COVID-19. Id. at 5. Forcing him to stay in prison, in his view, amounts to deprivation of a basic human need. Id.

Plaintiff accordingly moves, under § 1983 and "adjunct habeas corpus pursuant to 28 U.S.C. § 2254" for a court order requiring Defendants to immediately release Plaintiff with GPS monitoring and parole supervision. Id.

**II. STANDARD OF REVIEW**

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn

1  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory
2  injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction
3  directs some responsible party to act. Id. at 879.

4  The legal principles applicable to requests for injunctive relief, such as a temporary
5  restraining order or preliminary injunction, are well-established. To prevail, the moving party must
6  show that irreparable injury is *likely* in the absence of an injunction. See Stormans, Inc. v. Selecky,
7  586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20–
8  22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To
9  the extent that prior Ninth Circuit cases suggest a lesser standard by focusing solely on the
10 *possibility* of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking
11 Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see Cottrell, 632 F.3d at
12 1131–32; Stormans, 586 F.3d at 1127. Instead, the proper test requires a party to demonstrate: (1)
13 he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
14 injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
15 interest. E.g., Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131; Stormans, 586 F.3d at 1127.

16 The Ninth Circuit evaluates the above factors under a sliding scale. Cottrell, 632
17 F.3d at 1131–35. A stronger showing on one factor may offset a weaker showing on another. Id. at
18 1132. But a plaintiff must make some showing on all four factors. Id. at 1135. Under the scale, if
19 the balance of the hardships tips *sharply* towards the plaintiff, the plaintiff need only show "serious
20 questions going to the merits" provided that the plaintiff also satisfies the other two factors. Id. at
21 1131–35. Thus, when there are serious questions going to the merits and a balance of hardships tips
22 sharply towards the plaintiff, a preliminary injunction may issue if the plaintiff also shows that
23 there is a likelihood of irreparable injury and that the injunction is in the public interest. Id.

24 A preliminary injunction is an extraordinary remedy that is not awarded as of right.
25 Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is
26 particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d
27 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from
28 acting, and thus beyond mere maintenance of the status quo. See id. They require a party to act. Id.

4

District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

### III. DISCUSSION

The Court is sympathetic to Plaintiff's allegations. COVID-19 has been an immense, ongoing burden across the world. Nevertheless, the Court need not consider the above standards for injunctive relief because, as detailed below, Plaintiff cannot obtain a preliminary injunction compelling his release from incarceration.

The Court recognizes that when Plaintiff first brought this action, he filed it as a petition for a writ of habeas corpus in the Norther District of California. ECF No. 1. But after transfer of his case here to the Eastern District, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 17. The Court recharacterized this case as prisoner civil rights action only after Plaintiff filed that complaint. See ECF Nos. 17, 20. An amended pleading supersedes an original pleading. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hoyt v. Chamberlain, No. 2:20-cv-1303 AC P, 2021 WL 2894133, at *4–5 (E.D. Cal. July 9, 2021). Under this Court's local rules, changed pleadings must be complete in themselves and cannot rely upon the superseded pleading. L.R. 220. Plaintiff's civil rights complaint superseded his petition. See Ramirez, 805. F.3d at 1008; Ferdik, 963 F.2d at 1262; see also L.R. 220.

Section 1983 provides a remedy for the violation of constitutional and federal statutory rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement.[2] See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

---

[2] The Court recognizes, of course, that Plaintiff more discretely argues that release from prison is the only appropriate remedy to the Eighth Amendment violation that he alleges rather than directly arguing his conviction and consequent confinement writ large are invalid. See, e.g., ECF No. 5 at 1.

1  ///

2  The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. See Skinner, 562 U.S. at 533–34; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). A prisoner may not bring a § 1983 action that necessarily implies the unlawfulness of their conviction or confinement. See Muhammad v. Close, 540 U.S. 749, 750–51 (2004); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Nettles, 830 F.3d at 927–29. Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's release in a civil rights action is inappropriate.[3] See, e.g., Blackwell v. Covello, No. 2:20-cv-1755 DB P, 2021 WL 22450, at *2–4 (E.D. Cal. Jan. 4, 2021); Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *1–2 (D. Ariz. May 11, 2020); see also Hernandez v. Holt, No. 1:20-cv-01127-AWI-SAB, 2021 WL 809389, at *8 (E.D. Cal. Mar. 3, 2021) (stating that a prisoner could not challenge the validity of his conviction under § 1983).

If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a petition for a writ of habeas corpus. Because Plaintiff expressly desired conversion of his petition into a § 1983 complaint, and because Plaintiff filed his own § 1983 complaint when his case was transferred to the Eastern District, the undersigned United States Magistrate Judge does not currently recommend recharacterization of Plaintiff's complaint as a habeas petition.[4]

---

[3] Sister courts have reached the same or similar conclusions. See, e.g., Hailey v. Cieply, No. 1:20-cv-1248, 2021 WL 2946492, at *7 (W.D. Mich. July 14, 2021); Williams v. Hutchings, No. 2:21-cv-00123-KJD-DJA, 2021 WL 2931417, at *1–3 (D. Nev. July 12, 2021); Morris v. Washington, No. 20-13268, 2021 WL 1056775, at *1 (E.D. Mich. Mar. 19, 2021); Law v. Pierce, No. 19-924 (MN), 2020 WL 6799162, at *7 (D. Del. Nov. 19, 2020); Menefee v. Tigard Police Dep't, No. 3:20-cv-01497-AC, 2020 WL 6547640, at *3 (D. Or. Nov. 6, 2020); Boaz v. Woodall, No. 3:20-cv-1194-J-39JRK, 2020 WL 6484973, at *2 (M.D. Fla. Nov. 4, 2020); Riggs v. Louisiana, NO. 3:20-0495 2020 WL 1939168, at *1–2 (W.D. La. Apr. 22, 2020); Pines v. Dir. of Atascadero State Hosp., No. 18-cv-03849-SI, 2018 WL 11047234, at *1 (N.D. Cal. July 10, 2018).

[4] There is precedent guiding recharacterization of habeas actions as civil rights actions. See, e.g., Nettles, 830 F.3d at 935–36. Courts retain discretion to characterize mislabeled habeas petitions as civil rights actions. See id.; Mackey v. Price, No. 1:21-cv-00791-SKO (HC), 2021 WL 2016103, at *1 (E.D. Cal. May 20, 2021). To be amenable to conversion, a complaint must name the correct defendants and seek the appropriate relief. Nettles, 830 F.3d at 936. The Court should notify the inmate of its intent to recharacterize the action, warn the inmate of the consequences of

## IV. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motion for a preliminary injunction mandating his release from prison (ECF No. 22) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

conversion, and provide an opportunity to withdraw or amend the complaint. Id.

It appears that, in appropriate circumstances, courts may also recharacterize a complaint under § 1983 as a habeas petition. See Castro v. United States, 540 U.S. 375, 381–83 (2003); Nettles, 830 F.3d at 935–36. The requirement that the Court provide warnings to an inmate applies in equal force. See, e.g., Nettles, 830 F.3d at 935–36. For instance, before characterizing a civil rights complaint as a habeas petition, a court should warn an inmate plaintiff that a future, subsequent petition would be subject the limitations federal law places on second or successive petitions. Id.; see 28 U.S.C. § 2244; Castro, 540 U.S. at 382–83. Before seeking habeas relief in federal court, state prisoners must also exhaust state court remedies. 28 U.S.C. 2254(b)(1)(A); Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Poyson v. Ryan, 879 F.3d 875, 894 (9th Cir. 2018); Hasan v. California, No. 2:20-cv-00188-CKD-P, 2020 WL 8881526, at *1 (E.D. Cal. Apr. 6, 2020). An inmate should again be given the option of withdrawing the complaint or amending it to include all desired habeas claims. See, e.g., Castro, 540 U.S. at 382–83; Nettles, 940 F.3d at 936.

The Court should not unilaterally characterize a pleading as a habeas petition if doing so would work to a petitioner's disadvantage. Nettles, 940 F.3d at 936. The petitioner must be able to make an informed judgment on conversion. See id.; see also Castro, 540 U.S. at 383–84. As stated, the Court does not currently recommend conversion of Plaintiff's complaint into a habeas petition.