**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Defendants. | No. 2:20-CV-1573-WBS-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff raises claims related to the ongoing COVID-19 pandemic. ECF No. 17. Plaintiff seeks release from prison. Id. The Court previously recommended that the District Court deny Plaintiff's motion for injunctive relief seeking release from prison. ECF No. 26.

**I. SCREENING REQUIREMENT**

        The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

        A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

1

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated in Mule Creek State Prison (MCSP). ECF No. 17 at 1. Plaintiff initially filed this action as a petition for a writ of habeas corpus in the Northern District of California. ECF No. 1. He contended that COVID-19 and the risk it posed to prisoners necessitated his release from prison. Id. at 5–6. Plaintiff argued that the risk of infection he faced as an inmate violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Id. at 5. The United States Magistrate Judge assigned to Plaintiff's case in the Northern District construed Plaintiff's petition as challenging conditions of confinement and transferred the case to the Eastern District, the district of Plaintiff's confinement. ECF No. 10.

After Plaintiff's case was transferred to this Court, the Court initially recognized Plaintiff's case as a habeas action. See ECF No. 16 (denying Plaintiff's motion for appointed counsel at least until a response to his petition had been filed). Plaintiff then filed a superseding pleading in the form of a civil rights complaint under 42 U.S.C. § 1983. ECF No. 17. Because Plaintiff's civil rights complaint in this Court superseded the petition for a writ of habeas corpus filed in the Northern District (and because the Magistrate Judge in the Northern District construed Plaintiff's claim as a civil rights action), the Court directed the Clerk of the Court to recharacterize this action as a prisoner civil rights case. ECF No. 20.

In broad sum, Plaintiff alleges that prison officials have failed to mitigate the risk of exposure to COVID-19. ECF No. 17 at 3. Plaintiff's contention is based on the allegation, inter alia, that officials have not sufficiently reduced overcrowding to guard against transmission of COVID-19. See id. at 3–5. Plaintiff alleges that failure, especially in regard to older and vulnerable inmates, constitutes deliberate indifference, and violates the Eighth and Fourteenth Amendments. See id. He requests conversion of his initial habeas petition to a § 1983 complaint and release from prison as "the only remedy." Id. at 6. As indicated above, Plaintiff also filed a motion for a preliminary injunction ordering his immediate release from incarceration. ECF No. 22. The Court recommended that the District Judge deny that motion because Plaintiff could not challenge the validity of his conviction by way of a motion injunctive relief in a civil rights action. ECF No. 26 at 5–6.

### III. DISCUSSION

**A. Plaintiff Cannot Bring a § 1983 Action Seeking Release from Prison:**

The Court is sympathetic to Plaintiff's allegations. COVID-19 has been an unquestionable burden upon inmates. But the same reasoning that the Court applied to Plaintiff's motion for injunctive relief applies to his civil rights complaint. Plaintiff cannot challenge the fact of his incarceration through a § 1983 action.[1]

---

[1] The Court recognizes that when Plaintiff first brought this action, he filed it as a petition for a writ of habeas corpus in the Northern District of California. ECF No. 1. But after transfer of his case here to the Eastern District, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 17. The Court recharacterized this case as prisoner civil rights action only after Plaintiff filed that complaint. See ECF Nos. 17, 20. An amended pleading supersedes an original pleading. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); Ferdik v. Bonzelet,

Section 1983 provides a remedy for the violation of constitutional and federal statutory rights by a person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001)); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at 1018.

Section 1983 is not a vehicle for challenging the validity of confinement.[2] See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. See Skinner, 562 U.S. at 533–34; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nettles, 830 F.3d at 927; Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. A prisoner may not bring a § 1983 action that necessarily implies the unlawfulness of their conviction or confinement. See Skinner, 562 U.S. at 533–34; Muhammad v. Close, 540 U.S. 749, 750–51 (2004); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Nettles, 830 F.3d at 927–30.

Because a habeas petition is the exclusive method by which a prisoner may seek

---

963 F.2d 1258, 1262 (9th Cir. 1992); Hoyt v. Chamberlain, No. 2:20-cv-1303 AC P, 2021 WL 2894133, at *4–5 (E.D. Cal. July 9, 2021). Under this Court's local rules, changed pleadings must be complete in themselves and cannot rely upon the superseded pleading. L.R. 220. Plaintiff's civil rights complaint superseded his petition. See Ramirez, 805. F.3d at 1008; Ferdik, 963 F.2d at 1262; see also L.R. 220.

[2] The Court acknowledges that Plaintiff more discretely argues that release from prison is the only appropriate remedy to the constitutional violations that he alleges rather than directly arguing his conviction and consequent confinement writ large are invalid. See, e.g., ECF No. 17 at 3–5.

1  release from custody, Plaintiff cannot obtain the relief he seeks in this § 1983 action. See, e.g.,
2  Muhammad, 540 U.S. at 750–51; Preiser, 411 U.S. at 500; Nettles, 830 F.3d at 927–30; see also
3  Blackwell v. Covello, No. 2:20-cv-1755 DB P, 2021 WL 22450, at *4 (E.D. Cal. Jan. 4, 2021);
4  Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *1–2 (D.
5  Ariz. May 11, 2020); see also Hernandez v. Holt, No. 1:20-cv-01127-AWI-SAB, 2021 WL 809389,
6  at *8 (E.D. Cal. Mar. 3, 2021) (stating that a prisoner cannot challenge the validity of his conviction
7  under § 1983); Guerrero v. So, No.: 3:20-cv-01117-GPC-MSB, 2020 WL 6449194, at *4–6 (S.D.
8  Cal. Nov. 3, 2020). Release from prison necessarily implies that Plaintiff's incarceration is invalid.

9  If Plaintiff wishes to challenge the fact or duration of his confinement, he may file
10 a petition for a writ of habeas corpus subject to the warnings below.

11 **B. Recharacterization of Plaintiff's Complaint as Habeas Petition:**

12 Because Plaintiff desired conversion of his petition into a § 1983 action, and because
13 Plaintiff filed his own § 1983 complaint when his case was transferred to the Eastern District, the
14 Court will not immediately direct recharacterization of Plaintiff's complaint as a habeas petition.

15 There is precedent guiding recharacterization of habeas actions as civil rights
16 actions. See, e.g., Nettles, 830 F.3d at 935–36. Courts retain discretion to characterize mislabeled
17 habeas petitions as civil rights actions. See id.; Mackey v. Price, No. 1:21-cv-00791-SKO (HC),
18 2021 WL 2016103, at *1 (E.D. Cal. May 20, 2021). To be amenable to conversion, a complaint
19 must name the correct defendants and seek the appropriate relief. Nettles, 830 F.3d at 936. The
20 Court should notify the inmate of its intent to recharacterize the action, warn the inmate of the
21 consequences of conversion, and provide an opportunity to withdraw or amend the complaint. Id.

22 It appears that, in appropriate circumstances, courts may also recharacterize a
23 complaint under § 1983 as a habeas petition. See Castro v. United States, 540 U.S. 375, 381–83
24 (2003); Nettles, 830 F.3d at 935–36. The requirement that the Court provide warnings to an inmate
25 applies in equal force. See, e.g., Nettles, 830 F.3d at 935–36. For instance, before characterizing a
26 civil rights complaint as a habeas petition, a court should warn an inmate plaintiff that a future,
27 subsequent petition would be subject the limitations federal law places on second or successive
28 petitions. Id. Before seeking habeas relief in federal court, state prisoners must also exhaust state

1    court remedies. 28 U.S.C. § 2254(b)(1)(A); Davila v. Davis, 137 S. Ct. 2058, 2064 (2017);
2    O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Poyson v. Ryan, 879 F.3d 875, 894 (9th Cir.
3    2018); Hasan v. California, No. 2:20-cv-00188-CKD-P, 2020 WL 8881526, at *1 (E.D. Cal. Apr.
4    6, 2020). An inmate should again be given the option of withdrawing the complaint or amending it
5    to include all desired habeas claims. See Nettles, 940 F.3d at 936. The Court should not unilaterally
6    characterize a pleading as a habeas petition if doing so would work to a petitioner's disadvantage.
7    See id. (citing United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000)).

8             Plaintiff challenges the conditions of his confinement in the light of COVID-19 and
9    argues that those conditions necessitate his release from prison. See generally ECF No. 17, 22. The
10   argument that he must be released falls within the core of habeas. See Nettles, 940 F.3d at 927–28.

11            If Plaintiff wishes to amend his complaint or file a petition, the Court informs
12   Plaintiff of the below information.

13            1.    Habeas actions and § 1983 cases differ in significant respects. The filing fees
14   and the means of collecting them, the proper defendants, the available relief, and restrictions on the
15   ability to file future cases vary. See, e.g., Sarmiento v. Hill, No. 2:13–cv–1338 MCE AC P, 2017
16   WL 1806799, at *3–4 (E.D. Cal. May 5, 2017). Those differences could make recharacterization
17   of Plaintiff's case impossible or, if recharacterization is possible, disadvantageous when compared
18   to a dismissal without prejudice. See id.; see also Nettles, 940 F.3d at 936.

19            2.    If Plaintiff elects to amend his complaint, he will be responsible for naming
20   the proper defendants and seeking the correct relief. See, e.g., Nettles, 830 F.3d at 936; Sarmiento,
21   2017 WL 1806799, at *3.

22            3.    If Plaintiff chooses to maintain this case as a civil rights action, he will
23   remain responsible for the $350 filing fee, as the Court indicated in its order granting his motion
24   for leave to proceed in forma pauperis. ECF No. 20.

25            4.    The exhaustion requirements in a § 1983 action differ from those in a habeas
26   action. In order to maintain a lawsuit under § 1983, Plaintiff must first exhaust his available
27   administrative remedies. See 42 U.S.C. § 1997e(a); Manley v. Rowley, 847 F.3d 705, 711 (9th Cir.
28   2017). Exhaustion is mandatory. E.g., Ross v. Blake, 136 S. Ct. 1850, 1856–57 (2016); Jones v.

Bock, 549 U.S. 199, 211 (2007); Soto v. Sweetman, 882 F.3d 865, 869 (9th Cir. 2018). To maintain a habeas action, on the other hand, Plaintiff must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 841–42; Gulbrandson v. Ryan, 738 F.2d 976, 992 (9th Cir. 2013); Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008). Exhaustion requires petitioners to fairly present their federal claims to the highest state court. E.g., Davis, 511 F.3d at 1008. Federal habeas relief may *not* be granted unless a petitioner has exhausted state court remedies. E.g., Walden v. Shinn, 990 F.3d 1183, 1196 (9th Cir. 2021); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011); Davis, 511 F.3d at 1008.

      5.     The Antiterrorism and Effective Death Penalty Act (AEDPA), under 28 U.S.C. § 2244, also imposes strict requirements on prisoners in custody under a State court judgment and who wish to challenge that custody in a "second or successive petition." See, e.g., Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Chades v. Hill, 976 F.3d 1055, 1056 (9th Cir. 2020); see Jones v. Ryan, 733 F.3d 825, 842 (9th Cir. 2013).  AEDPA bars claims that a petitioner presents in a second or successive petition and that were presented in a previous petition. 28 U.S.C. § 2244(b)(1). AEDPA also bars habeas claims not raised in a prior application unless one of two exceptions exist. 28 U.S.C. § 2244(b)(2)(A)–(B). Claims not presented in the prior application must be dismissed unless (1) the new claim relies on a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review, or (2) the factual predicate of the new claim could not have been discovered earlier through due diligence, and the new claim, if proven, establishes that no reasonable factfinder could have found the petitioner guilty. Id. Before a petitioner may file a second or successive petition, the petitioner must seek an order from the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Chades, 976 F.3d at 1056. Without authorization from a court of appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001); see Burton, 549 U.S. at 152–53.

"Second or successive," however, does not refer to the individual claims raised, as Petitioner argues. See Magwood v. Patterson, 561 U.S. 320, 331–34 (2010). Section 2244's limitations apply to habeas applications under 28 U.S.C. § 2254; specifically, applications for

1  applications corpus from a person in custody under the *judgment* of a State court. Id. at 332
2  (discussing § 2244's application to § 2254). Prisoners applying for relief under § 2254 seek
3  invalidation of the judgment authorizing their incarceration, not the claims they raise on petition.
4  Id. If a district court grants relief, it is the state court judgment that is invalidated and a new
5  judgment that States may seek. Id. at 332–33. A federal habeas petition is second or successive if
6  the facts underlying the claim occurred by the time of the initial petition and if the petition
7  challenges the same state court judgment as the initial petition. See id. at 331; Brown v. Muniz,
8  889 F.3d 661, 667 (9th Cir. 2018). In other words, a petition is second or successive if it contests
9  the same custody imposed by the same judgment of a state court. See Magwood, 561 U.S. at 331–
10 34; Burton, 549 U.S. at 153; Brown, 889 F.3d at 667.

11         A second petition can only be successive if the first petition was (or could have
12 been) resolved on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Woods
13 v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is on the merits if the district court
14 considers and rejects the claims or determines that the claims cannot be considered in federal court.
15 McNabb, 576 F.3d at 1029. Resolution of a petition on procedural grounds, such as failure to
16 exhaust state remedies, that leave open the possibility of further litigation is not resolution on the
17 merits. Id.; see Goodrum v. Busby, 824 F.3d 1188, 1193–94 (9th Cir. 2016). But dismissal of a first
18 petition with prejudice because of a procedural default that forecloses review by federal courts is
19 an adjudication on the merits. McNabb, 576 F.3d at 1029. Dismissal, for instance, of a first habeas
20 petition because it is untimely is a permanent bar to federal review of the underlying claims and
21 constitutes resolution on the merits. Id. at 1030.

22       6.    Plaintiff also has the option of dismissal of his complaint without prejudice.
23 See, e.g., Nettles, 830 F.3d at 936. He may then file a new § 1983 claim or another habeas petition.
24 But Plaintiff is warned that if he seeks dismissal of his case, in addition to the challenges above, it
25 is possible that he will be subject to statutes of limitation that could bar his claims. See, e.g.,
26 Sarmiento, 2017 WL 1806799, at *4; Olic v. Lizarraga, No. 2:14-cv-2120 KJM GGH P, 2017 WL
27 85690, at *5 (E.D. Cal. Jan. 9. 2017). For example, in § 1983 actions specifically, federal courts
28 will apply the forum state's statute of limitations for personal injury actions. Wallace v. Kato, 549

1  U.S. 384, 387–88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see Jackson v. Barnes,
2  749 F.3d 755, 761 (9th Cir. 2014). Thus, here, the applicable statute of limitations is California's
3  statute of limitations for personal injury actions. See Wallace, 549 U.S. at 387–88; Jones, 393 F.3d
4  at 927. In California, there is a two-year statute of limitations for personal injury actions. See Cal.
5  Civ. Proc. Code § 335.1; Jackson v. Fong, 870 F.3d 928, 936 (9th Cir. 2017); Butler v. Nat'l Cmty.
6  Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014); Maldonado v. Harris, 370 F.3d 945, 954
7  (9th Cir. 2004).

## IV. CONCLUSION

9  Because it is possible that the deficiencies identified in this order may be cured by
10 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.
11 See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that,
12 as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet,
13 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims
14 alleged in the original complaint which are not alleged in the amended complaint are waived. See
15 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As stated above, if Plaintiff amends the
16 complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended
17 complaint complete. See Local Rule 220. An amended complaint must be complete in itself without
18 reference to any prior pleading. See id.

19 If Plaintiff chooses to amend the complaint and maintain a § 1983 action, Plaintiff
20 must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's
21 constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege
22 in specific terms how each named defendant is involved and must set forth some affirmative link
23 or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto,
24 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25 Finally, Plaintiff is warned that failure to file an amended complaint within the time
26 provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–
27 61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with
28 Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See

Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 17) is dismissed with leave to amend.

2. Plaintiff will be granted the opportunity to amend his complaint to state cognizable claims under § 1983 or notify the Court if he wants to recharacterize his complaint as a habeas action. Plaintiff may also file an amended habeas corpus petition stating all the habeas claims he believes he has. **Plaintiff should keep in mind the warnings above.**

3. Plaintiff may file an amended complaint or habeas petition or notify the Court of his desire to recharacterize his current complaint as a habeas action within 30 days of the date of service of this order.

4. If Plaintiff fails to file an amended complaint, the Court will take that to mean that he declines to convert his operative complaint into habeas petition, and the undersigned United States Magistrate Judge may issue findings and recommendations to dismiss the case for failing to state a cognizable claim under § 1983 or for failure to prosecute this case.

4. The Clerk of the Court is directed to send Plaintiff blank copies of both the standard prisoner civil rights complaint and the habeas petitions used in the Eastern District.

Dated:  August 11, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

10