# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | No. 2:20-CV-1573-WBS-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF 34.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

## I.  PROCEDURAL HISTORY

8           This case was initially filed in the Northern District of California and transferred to

9    this Court as a petition for a writ of habeas corpus on August 7, 2020.  See ECF No. 11.

10   Thereafter, on October 2, 2020, Plaintiff filed a prisoner civil rights complaint in this Court in the

11   transferred action.  See ECF No. 17.  On October 21, 2020, the Court ordered this action

12   redesignated as a prisoner civil rights action.  See ECF No. 20.  The Court also granted Plaintiff

13   leave to proceed in forma pauperis.  See id.

14          On November 20, 2020, Plaintiff filed a motion for injunctive relief seeking

15   immediate release from prison in light of COVID-19.  See ECF No. 22.  The District Judge

16   denied the motion on August 10, 2021.  See ECF No. 27.  Plaintiff has since filed three additional

17   motions seeking the same relief.  See ECF Nos. 30, 31, and 35.  On August 18, 2021, Plaintiff

18   filed a notice of withdrawal of his habeas petition, see ECF No. 33, as well as a first amended

19   prisoner civil rights complaint, see ECF No. 34.

## II.  DISCUSSION

22          Plaintiff's first operative pleading was a petition for a writ of habeas corpus filed

23   in the Northern District of California.  Plaintiff then amended his operative pleading with a civil

24   rights complaint filed in this Court.  This pleading was filed as of right without need for leave of

25   court pursuant to Federal Rule of Civil Procedure 15.  Plaintiff then withdrew his habeas petition

26   and filed an amended civil rights complaint.  Arguably, leave of court should have been required

27   to file the amended complaint because Plaintiff had already amended as of right with the first

28   civil rights complaint.  The Court need not resolve the issue because the result is the same under

1 both pleadings.

2     In both the initial and amended civil rights complaints, ECF Nos. 17 and 34, Plaintiff seeks his immediate release from prison. As Plaintiff acknowledges, and as this Court has explained to Plaintiff in the context of his first motion for injunctive relief seeking immediate release, § 1983 is not an available means of seeking such relief. When a state prisoner seeks a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam); see also ECF Nos. 26 (findings and recommendations denying injunctive relief seeking immediate release) and 27 (order adopting findings and recommendations in full). Because the Court is unable to grant the relief requested, the Court recommends this action be dismissed for failure to state a claim upon which relief can be granted.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

It does not appear possible that the deficiencies identified herein can be cured by amending the complaint. Therefore, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983; and

2. All pending motions, ECF Nos. 30, 31, 35, and 36, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE