IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>           Plaintiff,<br><br>      v.<br><br>COVELLO, et al.,<br><br>           Defendants. | No.  2:20-CV-1573-WBS-DMC-P<br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action.  Pending before the Court is Plaintiff's motion, ECF No. 43, for the appointment of counsel.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff's motion in its entirety states, "I would like to know if the court has a panel of attorneys that accept civil rights cases.  Please let me know.  I have motioned the court for appointment of counsel.  Thank you."  See ECF No. 43, pg. 1.  Plaintiff does not otherwise explain why appointment of counsel is warranted.  Given that Plaintiff has not presented anything demonstrating some extraordinary circumstance or his likelihood of success on the merits, and given Plaintiff's ability thus far to articulate his claims, the Court will not grant Plaintiff's motion at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 43, is denied.

Dated:  November 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2